UNITED STATES *v.* H. S. DORF & CO., INC.

No. 7756.—

Entry Nos. N–1571; N–71.

(Decided November 21, 1949)

*David N. Edelstein*, Assistant Attorney General (*Guy Gilbert Ribaudo*, special attorney), for the plaintiff.
*Mary Rehan* for the defendant.

OLIVER, Chief Judge: These cases, consolidated for trial, are collector's appeals for reappraisement of certain woven glass core pearls. The merchandise was exported by Industria de Cristal Plastico, S. A., of Coyoacan, D.. F., Mexico, on June 25, 1947, and July 12, 1947.

In both appeals style No. 2 was invoiced at Mexican $0.7275 per piece, less 2 per centum. The merchandise was entered and appraised at Mexican $0.7275 per piece, plus packing. Plaintiff claims the proper value to be Mexican $2.6675 per piece, less 2 per centum, plus packing.

A report by J. Eug. Cauchon, treasury representative in Mexico, together with photostats of three price lists and the affidavit of Alberto Peniche B., office manager of the exporter, was introduced in evidence as a collective exhibit (collective exhibit 1). In his affidavit the affiant Alberto Peniche B. states, in part:

That due to typographical error of our billing department, price of pesos $.7275 per piece of style #2 shown on our consular invoices #3524 and 3846 dated June 25th 1947 and July 15th 1947, covering our shipments of those dates to Messrs. Jos. H. Meyer Bros., Brooklyn, N. Y. was shown erroneously, since the real value of this style should had been $2.6675 pesos per piece; that this involuntary error was due to the fact that our billing department erroneously took this value of pesos $.7275 which at that time was the export value of our woven styles #31, 40 and 69, which is proven with the enclosed price list dated Jan. 1st 1947.

The report of the treasury agent in collective exhibit 1 indicates that a discount of 2 per centum for cash was freely offered to all purchasers and that packing was charged extra at the actual cost of 1 peso each. The affidavit of Mr. Peniche and the price lists herein confirm the price claimed by the plaintiff.

Counsel for the defendant offered no evidence to support the entered value herein, explaining that the use of such value was an honest mistake made by the shipper. Defendant does not dispute that the proper value is as claimed by the plaintiff.

On the record herein and the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise identified as style No. 2, there being no higher foreign value. I further find such export value was Mexican $2.6675 per piece, less 2 per centum, plus packing. Insofar as these appeals relate to all other merchandise, the proper values are the values found by the appraiser.

Judgment will be rendered accordingly.